# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CHRISTOPHER WILLIAMS and OWEN ERQUIAGA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RETAIL PROPERTIES, INC. and NATIONAL RETAIL PROPERTIES TRUST,<br><br>Defendants. | Case No.<br><br><br><br>Filed Electronically |

## NATIONWIDE CLASS ACTION COMPLAINT

COMES NOW, Christopher Williams and Owen Erquiaga, (collectively "Plaintiffs") on behalf of themselves and all others similarly situated and allege as follows:

## INTRODUCTION

1. Plaintiffs bring this action individually and on behalf of all others similarly situated against National Retail Properties, Inc. and National Retail Properties Trust ("Defendants"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations, in connection with accessibility barriers at various properties owned, operated, controlled and/or leased by Defendants ("Defendants' facilities").

2. Plaintiff Williams has a mobility disability stemming from a car accident in which he suffered permanent injuries, limiting him in the major life activity of walking. Because of this mobility disability, he depends upon a wheelchair for mobility.

3. Plaintiff Erquiaga was born with Spina Bifida which limits him in the major life activity of walking. Because of this mobility disability, he depends upon a wheelchair for mobility.

4. Plaintiffs have patronized Defendants' facilities in the past, and intend to continue to patronize Defendants' facilities. However, unless Defendants are required to remove the access barriers described below, Plaintiffs will continue to be denied full access to Defendants' facilities as described, and will be deterred from fully using Defendants' facilities.

5. Therefore, on behalf of a class of similarly situated individuals, Plaintiffs seek a declaration that Defendants' facilities violate federal law as described and an injunction requiring Defendants to remove the identified access barriers so that Defendants' facilities are fully accessible to, and independently usable by individuals with mobility disabilities, as required by the ADA. Plaintiffs further request that, given Defendants' historical failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendants come into compliance with the relevant requirements of the ADA and to ensure that Defendants have adopted and are following an institutional policy that will, in fact, cause Defendants to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

6. The ADA was enacted over a quarter century ago and is intended to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

7. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

2

8. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

9. Defendants are required to remove existing architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 CFR 36.304(a) and 42 U.S.C. Section 12182(b)(2)(A)(iv); in the alternative, if there has been an alteration to a Defendants' places of public accommodation since January 26, 1992, the defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities were designed and constructed for first occupancy subsequent to January 26, 1992, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

10. Defendants own, operate, control and/or lease places of public accommodation.

11. Defendants' facilities are not fully accessible to, and independently usable by individuals who use wheelchairs.

12. While Defendants have centralized management policies regarding the design, construction, operation and maintenance of its facilities, its ADA compliance policies are inadequate, and Defendants' facilities continue to be inaccessible to, and not independently usable by individuals who use wheelchairs.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

14. Plaintiffs' claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

15. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

16. Plaintiff, Christopher Williams ("Plaintiff Williams"), is and, at all times relevant hereto, was a resident of the State of Colorado. As described above, as a result of his disability, Plaintiff Williams relies upon a wheelchair for mobility. He is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

17. Plaintiff, Owen Erquiaga ("Plaintiff Erquiaga"), is and, at all times relevant hereto, was a resident of the State of Colorado. As described above, as a result of his disability, Plaintiff Erquiaga relies upon a wheelchair for mobility. He is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

18. Defendant National Retail Properties, Inc. is headquartered at 450 South Orange Avenue, Suite 900, Orlando, Florida 32801.

19. Defendant National Retail Properties Trust is headquartered at 450 South Orange Avenue, Suite 900, Orlando, Florida 32801.

20. Defendant is a public accommodation pursuant to 42 U.S.C. §12181(7).

4

## FACTUAL ALLEGATIONS

**1.     Plaintiffs were Denied Full and Equal Access to Defendants' Facilities.**

21.     Plaintiffs Williams and Erquiaga have visited Defendants' property located at 231 W. 104th Ave., Denver, CO (the "Subject Property"), including within the last year. Plaintiffs experienced unnecessary difficulty and risk at Defendants' location due to excessive slopes in a purportedly accessible parking space and because of other ADA accessibility violations as set forth in more detail below.

22.     Despite this difficulty, Plaintiff Williams plans to return to the Subject Property. Plaintiff Williams regularly travels to the Denver area where he attends a rehabilitation facility and he also visits his family who live near the Subject Property. Furthermore, Plaintiff Williams intends to return to the Subject Property to ascertain whether the Defendants' facility remains in violation of the ADA.

23.     Plaintiff Erquiaga plans to return to the Subject Property. Plaintiff Erquiaga frequently travels throughout the Denver area while visiting friends who drive him to restaurants, including the Subject Property, and other retail locations. Furthermore, Plaintiff Williams intends to return to the Subject Property to ascertain whether the Defendants' facility remains in violation of the ADA.

24.     Plaintiffs will be deterred from returning to and fully and safely accessing Defendants' facilities, however, so long as Defendants' facilities remain non-compliant, and so long as Defendants continue to employ the same policies and practices that have led, and in the future will lead, to inaccessibility at their facilities.

25.     As a result of Defendants' non-compliance with the ADA, Plaintiffs' ability to access and safely use Defendants' facilities have been significantly impeded.

26. Without injunctive relief, Plaintiffs will continue to be unable to fully and safely access Defendants' facilities in violation of their rights under the ADA.

27. As individuals with mobility disabilities who are dependent upon a wheelchair, Plaintiffs are directly interested in whether public accommodations, like Defendants, have architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

**2. Defendants Repeatedly Deny Individuals With Disabilities Full and Equal Access to its Facilities.**

28. As the common owner, controller and/or operator of its facilities, Defendant employs centralized policies and practices with regard to the design, construction, alteration and maintenance of its facilities.

29. To date, Defendants' centralized design, construction, alteration, maintenance and operational policies and practices have systematically and routinely violated the ADA by designing, constructing and altering facilities so that they are not readily accessible and usable, by failing to remove architectural barriers, and by failing to maintain and operate facilities so that the accessible features of Defendants' facilities are maintained.

30. On Plaintiffs' behalf, investigators examined multiple locations owned and/or operated by Defendants, and found the following violations, which are illustrative of the fact that Defendants implement policies and practices that routinely result in accessibility violations:

    a) 231 W. 104th Ave., Denver, CO

        i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

        ii. No spaces were designated as "van accessible" at one or more groups of purportedly accessible parking spaces.

6

b) 8601 Hickman Road, Urbandale IA

    i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

    ii. The surfaces of one or more access aisles had slopes exceeding 2.1%; and

    iii. No spaces were designated as "van accessible" at one or more groups of purportedly accessible parking spaces.

c) 2425 E. Euclid Ave., Des Moines, IA

    i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

    ii. The surfaces of one or more access aisles had slopes exceeding 2.1%; and

    iii. A portion of the route to the store entrance had a cross slope exceeding 2.1%.

d) 2402 SE Delaware Ave., Ankeny, IA

    i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

    ii. The surfaces of one or more access aisles had slopes exceeding 2.1%; and

    iii. A curb ramp located on the route to the building entrance had a running slope exceeding 8.3%.

e) 34726 16th Ave. S, Federal Way, WA

    i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

    ii. A curb ramp projected into an access aisle; and

      iii. No spaces were designated as "van accessible" at one or more groups of purportedly accessible parking spaces.

f) 2660 W Thunderbird Road, Phoenix, AZ

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

      ii. The surfaces of one or more access aisles had slopes exceeding 2.1%.

g) 9801 N. Black Canyon Hwy, Phoenix, AZ

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

      ii. The surfaces of one or more access aisles had slopes exceeding 2.1%.

h) 2943 South Arlington Road, Akron, OH

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

      ii. The surfaces of one or more access aisles had slopes exceeding 2.1%;

      iii. A curb ramp located on the route to the building entrance had a running slope exceeding 8.3%;

      iv. The landing at the top of the curb ramp had a slope exceeding 2.1%;

      v. A curb ramp projected into an access aisle; and

      vi. One or more signs designating spaces as "accessible" were mounted less than 60 inches above the finished surface or the parking area.

i) 110 Montrose W. Ave., Akron, OH

      i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%; and

          ii.     The surfaces of one or more access aisles had slopes exceeding 2.1%.

31. The fact that so many of Defendants' facilities deny individuals with mobility-related disabilities full and equal access to Defendants' facilities, and the fact that each of these facilities deny access by way of inaccessible parking facilities, is evidence that the inaccessibility Plaintiffs experienced is not isolated, but rather, caused by Defendants' systemic disregard for the rights of individuals with disabilities.

32. Defendants' systemic access violations demonstrate that Defendants' policies and practices fail to design, construct and alter its facilities so that they are readily accessible and usable, and/or that Defendants' maintenance and operational policies and practices are unable to maintain accessibility of Defendants' facilities.

33. As evidenced by the widespread inaccessibility of Defendants' parking facilities, absent a change in Defendants' corporate policies and practices, access barriers are likely to reoccur in Defendants' facilities even after they have been remediated.

34. Accordingly, Plaintiffs seek an injunction to remove the barriers currently present at Defendants' facilities and an injunction to modify the policies and practices that have created or allowed, and will create and allow, inaccessibility to affect the Defendants' network of facilities.

## **CLASS ALLEGATIONS**

35. Plaintiffs bring this class action on behalf of themselves and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, and seek to certify a class of all wheelchair users who have attempted, or will attempt, to utilize the parking facilities at all locations across the United States for which Defendants own and/or control the parking facilities.

36. <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

37. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the members of the class. The claims of the Plaintiffs and members of the class are based on the same legal theories and arise from the same unlawful conduct.

38. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make its facilities fully accessible and independently usable as above described.

39. <u>Adequacy of Representation</u>: Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class. Plaintiffs will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class. Plaintiffs have retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

40. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.

## **SUBSTANTIVE VIOLATION**

41. The allegations contained in the previous paragraphs are incorporated by reference.

42. Defendants' facilities were altered, designed, or constructed, after the effective date of the ADA.

43. Defendants' facilities were required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C.§ 12183(a)(1).

44. The architectural barriers described above demonstrate that Defendants' facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs.

45. The architectural barriers described above demonstrate that Defendants have failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

46. Defendants' facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1);  28 C.F.R. § 36.406;  28 C.F.R., pt. 36, app. A.

47. Defendants are required to provide individuals who use wheelchairs full and equal enjoyment of their facilities.  42 U.S.C. § 12182(a).

48. Defendants have failed, and continue to, fail, to provide individuals who use wheelchairs with full and equal enjoyment of their facilities.

49. Defendants have discriminated against Plaintiffs and the Class in that they have failed to make their facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

50. Defendants' conduct is ongoing, and Plaintiffs have been harmed by Defendants' conduct.

51. Given that Defendants have not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiffs invoke their statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the class, pray for:

a. A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants' facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendants to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendants' facilities come into compliance with the relevant requirements of the ADA to ensure that Defendants have adopted and is following an institutional policy that will in fact cause Defendants to remain fully in compliance with the law;

c. An Order certifying the class proposed by Plaintiffs, and naming Plaintiffs as class representatives and appointing their counsel as class counsel;

d. Payment of costs of suit;

e. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f. The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: June 23, 2017                               Respectfully submitted,


                                                   */s/ Edwin J. Kilpela*
                                                   Edwin J. Kilpela (CO Bar No. 42927)
                                                   ekilpela@carlsonlynch.com
                                                   Benjamin J. Sweet (PA Bar No. 87338)
                                                   bsweet@carlsonlynch.com
                                                   Bryan Fox (PA Bar No. 317037)
                                                   (to be admitted *pro hac vice*)
                                                   bfox@carlsonlynch.com

                                                   **CARLSON LYNCH SWEET KILPELA
                                                   & CARPENTER, LLP**
                                                   1133 Penn Avenue, 5th Floor
                                                   Pittsburgh, PA 15222
                                                   Phone: 412.322.9243
                                                   Fax: 412.231.0246

13